IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LADONNA F. MENIFEE                                                    PLAINTIFF

         v.                              CIVIL NO. 20-5039

ANDREW M. SAUL, Commissioner
Social Security Administration                                       DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


Plaintiff, Ladonna F. Menifee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).


I.       **Procedural Background**:

Plaintiff protectively filed her current application for SSI on December 8, 2016, alleging an inability to work due to seizures, a neck fusion, and heart problems. (Tr. 93, 196). An administrative hearing was held on November 15, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 27-51).

By written decision dated March 19, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: a herniated nucleus pulposus at C4-7 status post fusion, a seizure disorder, borderline intellectual functioning, anxiety,

1

and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except that the claimant is limited to occasional overhead reaching, must avoid unprotected heights, and must avoid driving or working around dangerous machinery.  In addition, the claimant is limited to work that involves simple tasks and simple instructions.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a power screwdriver operator, a cleaner/housekeeper, and an assembler. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 27, 2020. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 2).  Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (Docs. 13, 14).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III.    Discussion:

After reviewing the entire record, the Court believes that the ALJ failed to resolve a conflict between the vocational expert's opinion and the Dictionary of Occupational Titles (DOT). The ALJ's RFC determination states that Plaintiff "is limited to occasional overhead heading." (Tr. 14). With this reaching limitation in mind, the vocational expert indicated Plaintiff could perform the jobs of power screwdriver operator, cleaner/housekeeper, and assembler, all of which require frequent reaching according to the DOT. See DICOT §§ 699.685-026, 323.687-014, 706.687-010 at www.westlaw.com. Consequently, there is a conflict between the DOT and the vocational expert's opinion. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the vocational expert identified jobs which the DOT said required frequent reaching).

If there is an "apparent unresolved conflict" between vocational expert testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict" by determining if the explanation provided by the vocational expert provides a basis for relying on the vocational expert's testimony rather than on the DOT. SSR 00–4p, 2000 WL 1898704, at *2– 4 (Dec. 4, 2000). A review of the transcript of the administrative hearing held on November 15, 2018, revealed there was no discussion of the fact that the RFC limited Plaintiff to occasional reaching, but the jobs listed by the vocational expert required frequent reaching.  (Tr. 31, 44-50). Due to the inconsistency between the vocational expert's testimony and the DOT, and the fact that this inconsistency was not addressed by the ALJ or the vocational expert, the Court does not find substantial evidence showing Plaintiff could perform work as a power screwdriver operator, a cleaner/housekeeper, and an assembler. Kemp ex rel. Kemp v. Colvin, 743 F.3d 630, 633 (8th Cir. 2014) (remanding for further proceedings because "the record does not reflect whether the

[vocational expert] or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally," and the job as described in the DOT); Montgomery v. Chater, 69 F.3d 273, 275–77 (8th Cir.1995) (none of three DOT job listings VE identified were compatible with claimant's abilities as set forth in ALJ's hypothetical, and while VE's task is to determine whether jobs exist for someone with claimant's precise disabilities, VE did not testify that traits of identified jobs varied from way DOT described them). Accordingly, the Court believes remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's ability to perform other work in the national economy.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis.  Nonetheless, proper analysis must occur.  Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

## IV.     Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of October 2020.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE